## George H. Pritchett, Appellant, v. George Griffin, Appellee.

### (Not to be reported in full.)

Appeal from the County Court of Williamson county; the Hon. W. F. Slater, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

### Statement of the Case.

Action of replevin by George H. Pritchett, plaintiff, against George Griffin, defendant, to recover a stock of groceries. From a judgment for defendant, plaintiff appeals.

Pillow & Stone, for appellant.

Neely, Gallimore, Cook & Potter, for appellee.

Mr. Justice McBride delivered the opinion of the court.

### Abstract of the Decision.

1. Replevin, § 124*—*when evidence is sufficient to show that title to chattels had not passed.* Where plaintiff representing the agent of the owner of certain land contracted, subject to said owner's approval, to exchange said land for defendant's chattels, for which plaintiff took a bill of sale in the name of the agent and transmitted same to said agent with his own notes to the agent as in payment for said chattels on his own account, and before the owner of the land approved the contract defendant repudiated the same upon learning of the falsity of statements made by said agent, and guaranteed by plaintiff as true, as to the character of the lands, upon which defendant had relied in making the contract, *held* in an action of replevin for said chattels, plaintiff claiming to have effected a purchase thereof through defendant, that the jury were fully warranted in finding that title to said chattels had not passed from defendant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. SALES, § 218*—*when agent is not innocent purchaser for value.* An agent who procures a contract for the exchange of his principal's land for certain chattels which is subject to said principal's approval, and who assumes to purchase said chattels prior to approval of the contract by his principal, is not an innocent purchaser for value, so as to prevent the owner of said chattels from repudiating the contract before its approval by the agent's principal, and no obligation rests upon such owner as to purchase money notes given by such agent on such purchase.

3. VENDOR AND PURCHASER, § 40*—*when knowledge of vendor's agent as to falsity if representations as to character of land is immaterial.* Where representations made by an agent in selling land as to the character of the land were false and were relied upon by the purchaser of the land, it is immaterial to such purchaser's right of redress whether the agent knew of such falsity.